## UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Michelle Cooper**, | § |
| Plaintiff, | § Case No. |
| v. | § |
| **MediCredit, Inc.**, | § Complaint and Demand for Jury Trial |
| Defendant. | § |

## COMPLAINT

**Michelle Cooper** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **MediCredit, Inc.** (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA).

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Dallas, Texas 75287.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with national headquarters at 3 City Place Drive, Suite 690, Saint Louis, MO 63141.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times Defendant was seeking to collect an alleged consumer debt from Plaintiff.

11. The debt in question, a medical debt, arose from transactions primarily for personal, family or household purposes.

12. Within the one year period preceding the filing of this Complaint and continuing through October 2017, Defendant placed repeated harassing telephone calls to Plaintiff on her cellular telephone.

13. On multiple occasions after calls began, and most recently in September 2017, Plaintiff told Defendant that she was on disability, that she could not pay the debt, and that she wanted Defendant to stop calling.

14. Once Plaintiff made Defendant aware that she was unable to pay the debt and that she did not wish to be contacted, there was neither a lawful purpose nor a good-faith reason for Defendant to continue calling his cellular telephone.

15. Further, any continued calls after Defendant learned Plaintiff did not wish to be contacted could only have been for the purpose of harassment.

16. Although Defendant's representatives heard Plaintiff's request, it ignored the request and continued to call her.

17. Defendant's continuous and repeated telephone calls to Plaintiff caused Plaintiff frustration, annoyance, and distress, especially when they came while she was hospitalized.

18. Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay the alleged debt.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

19. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

21. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

22. Defendant violated sections 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff and continued to call her knowing that its calls were unwanted.

**Wherefore**, Plaintiff, **Michelle Cooper**, respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided in 15 U.S.C. § 1692k(a)(1));

b. Statutory damages of $1,000 for the violation of the FDCPA (as provided under 15 U.S.C. § 1692k(a)(2)(A));

c. All reasonable attorneys' fees, witness fees, court costs, and other litigation costs (as provided under 15 U.S.C. § 1693k(a)(3));

d. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Michelle Cooper**, demands a jury trial in this case.

Respectfully submitted,

Dated: 2/13/18

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com